IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>                        Plaintiff,<br><br>      v.<br><br>JULIA PORTER, HAMILTON FOX, III,<br>MATTHEW KAISER<br>                        Defendants. | Civil Action No. 9:22-cv-80270<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA<br><br>CASE NO. 50-2022- CA000122XXXXMB |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

In his motion to remand, Plaintiff does not dispute the diversity of the parties, or that his prior actions against Defendants sought damages in excess of $75,000. Dkt. No. 8 at 1. Plaintiff's attempts to overcome Defendants' showing that the amount in controversy in this case also exceeds $75,000 are unavailing. Plaintiff's request for sanctions is baseless and should be denied in any event because Plaintiff has failed to comply with the safe-harbor provision of Rule 11.

**INTRODUCTION**

In this case, the seventh fundamentally identical case filed by Plaintiff – including one in which the U.S. Court of Appeals for the D.C. Circuit rejected his claims – Plaintiff once again seeks damages related to ongoing disciplinary actions taken by the District of Columbia Court of Appeals and proceedings initiated by the Office of Disciplinary Counsel of the District of Columbia Bar – all involving Plaintiff's practice of law in the District of Columbia. This is Plaintiff's second attempt in less than two months to involve the courts of Florida in the disciplinary sanctions and procedures to which he is subject in the District of Columbia.

1

Plaintiff filed a nearly identical complaint on December 6, 2021, in the Circuit Court of Palm Beach County, Florida. After Defendants removed that action to federal court on diversity and federal question grounds, Plaintiff dismissed and then refiled the instant restructured complaint that same day. *See* Pl. Notice of Voluntary Dismissal, *Klayman v. Porter et al.*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.

Although Plaintiff now also purports to seek injunctive relief against lawyers employed by the District of Columbia Court of Appeals through the Office of Disciplinary Counsel, his claim remains premised on the same underlying facts as his previous lawsuits, all six of which were filed in federal court, and which claimed damages well in excess of $75,000, the statutory requirement for federal diversity jurisdiction. In the most recent iteration of his claim, however, Plaintiff claims that his damages are one cent less than $75,000.[1] There is no meaningful distinction between his allegations in this action and his allegations in the three cases in which he seeks over $75,000 in damages. While Plaintiff's motion to remand characterizes his cause of action as primarily for injunctive relief, the reality is that this lawsuit is for all intents and purposes the same as the other cases against D.C. Office of Disciplinary Counsel and D.C. Bar officials seeking over $75,000 – all of these cases challenge the Office of Disciplinary Counsel's disciplinary proceedings involving his practice of law in the District of Columbia.

---

[1] The instant complaint, which includes claims for tortious interference and abuse of process, as well as purported violations of Plaintiff's rights under the Florida constitution, parrots nearly verbatim various allegations that Plaintiff has made repeatedly against these Defendants and others affiliated with the ODC and/or the Board. Compare Fl. Compl. ¶ 8 (alleging Defendants have "engaged in the equivalent of a partisan politically and ideologically based agenda and in effect a crusade to have Mr. Klayman removed from the practice of law") with Compl. ¶ 10, *Klayman v. Porter,* et al., C.A. No. 1:20-cv-03109-RDM (D.D.C.) (alleging Defendants have "engaged in the equivalent of a partisan politically based agenda and in effect a 'jihad' to have Mr. Klayman removed from the practice of law").

"Litigation is the pursuit of practical ends, not a game of chess." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Plaintiff has pleaded his way into federal court seeking monetary relief on the same allegations and against the same defendants on at least six occasions in the past three years. He now tries to forum shop his way into the state courts of Florida by claiming there is one cent less than $75,000 in controversy in this lawsuit. As explained below, the Court should reject Plaintiff's transparent manipulation of the amount in controversy and deny his motion for remand.

## LEGAL STANDARDS

### I.   Diversity Jurisdiction

A defendant may remove a civil action from state to federal court if the action originally could have been filed as a federal action; *i.e.*, if federal jurisdiction exists. 28 U.S.C. § 1441(a), (b). Where, as here, federal jurisdiction is based on diversity of the parties, all plaintiffs must be diverse from all defendants, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Caterpillar,* 519 U.S. at 68; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The burden of establishing subject matter jurisdiction falls on the party invoking removal. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (amount in controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented"); *Aurora Medical Imaging LLC v. Allstate Ins. Co.*, Case No. 3:14-cv-00163-RV-CJK (N.D. Fla. Oct. 6, 2014) (Order Denying Motion to Remand), slip. op. at 7 ("[I]n assessing the jurisdictional amount in

declaratory relief cases, the federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants.").

Where a notice of removal's allegations are disputed, the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912-13 (11th Cir. 2014) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)); *Foster v. Res. for Human Dev., Inc.*, No. 8:07-cv-01096-T-17-EAJ, 2007 WL 2225811, at *6 (M.D. Fla. July 31, 2007) (denying motion for remand and noting that "Plaintiff's complaint failed to offer any prophylactic evidence, or point to any underlying facts that might have been useful to rebut Defendants assertions"). In determining whether a defendant has met its burden, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Signor v. Safeco Ins. Co. of Illinois,* No. 19-61937-CIV, 2019 WL 7911214, at *1 (S.D. Fla. Dec. 11, 2019) (quoting S. *Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

## II.     Rule 11

Federal Rule of Civil Procedure ("FRCP") 11 is designed to discourage abusive conduct that frustrates the just, speedy and inexpensive determination of actions. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. The signatory of a motion, pleading or other paper presented to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) the paper is not "presented for any improper purpose," (2) any legal contentions are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

4

establishment of new law," (3) any factual contentions have evidentiary support, and (4) any denials are warranted by the evidence or a lack of information or belief. *See* Fed. R. Civ. P. 11(b); *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991). A violation of these certifications is sanctionable at the discretion of the court and after notice and an opportunity to respond. *See* Fed. R. Civ. P. 11(c); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002).

Rule 11 provides parties with a 21-day safe harbor period in which they may withdraw challenged pleadings without facing sanctions. To ensure that parties have the benefit of this safe harbor, Rule 11 requires a movant to serve a Rule 11 motion on the opposing party at least 21 days before filing it. Fed. R. Civ. P. 11(c)(1)(A); *see also Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010) (Rule 11 motion was untimely filed and therefore, not considered); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 786 (11th Cir. 2006) (Rule 11 sanctions not available because movant failed to comply with 21-day safe harbor notice).

Rule 11 sanctions are reserved for "extreme cases" of misconduct. *Crawford-El v. Britton*, 523 U.S. 574, 601 (1998); *see also Menendez v. Signature Consultants, LLC*, 2011 WL 6179727, *1 (S.D. Fla. Dec. 13, 2011) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (imposition of sanctions was supported by evidence that litigant brought action based on allegations which had been adversely decided against him previously). It is improper to use a motion pursuant to Rule 11 in order to "emphasize the merits of a party's position … to intimidate an adversary into withdrawing contentions that are fairly debatable, [or] to increase the costs of litigation." Fed. R. Civ. P. 11, advisory committee notes to 1993 amendments; *see also Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 538 (S.D. Ala. 2007).

# ARGUMENT

**I.    The Court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1332(a).**

Plaintiff maintains that his "prior actions have no bearing on this current action" because this case "is primarily being brought for injunctive relief."[2]  Dkt. No. 8 at 1–2.  The fact that Plaintiff now seeks injunctive relief does not alter the fact that Plaintiff has assessed his claims as worth "in excess of $75,000" – not at $74,999.99 as he now claims – in no fewer than six federal civil suits filed in U.S. District Courts from coast to coast.  *Id.* at 1.

The Court must limit "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading."  WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3725 at 426.  In determining the actual amount in controversy, the Court may disregard a plaintiff's specific damage allegation that seeks damages below the federal jurisdictional amount if such claim for damages is not made in good faith.  *See Wilson v. Fresh Mkt., Inc.*, No. 9:19-CV-81037, 2020 WL 355192, at *3 (S.D. Fla. Jan. 3, 2020) (quoting 28 U.S.C. § 1446(c)(3)(B)) (Bad faith occurs when "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal[.]")); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (citation omitted) (stating that "tactical manipulation [by the] plaintiff cannot ... be condoned").

---

[2] The fact that Plaintiff seeks injunctive relief does not prevent this Court from having diversity jurisdiction.  In fact, Plaintiff filed a complaint in D.C. federal court seeking injunctive relief against 13 D.C. Court of Appeals judges and the court's clerk on diversity jurisdiction grounds.  Plaintiff's Opp. to Defs.' Mot. to Dismiss and Reply to Opp. to Mot. for Prel. Inj. at 18, *Klayman v. Blackburne-Rigsby*, et al., C.A. No. 21-cv-00409-ABJ (D.D.C.) (ECF No. 21); Compl. ¶ 1, *Klayman v. Blackburne-Rigsby*, et al., C.A. No. 21-cv-00409-ABJ (D.D.C.) (Ex. 1).

The only issue in dispute is whether Plaintiff's claims against Defendants place more than $75,000 in controversy. In cases for equitable relief, courts look beyond the face of the complaint to the value of the object of the litigation from the plaintiff's perspective, including the value of potential money damages in a subsequent action. *See S. Fla. Wellness*, 745 F.3d at 1316; *Camoco, LLC v. Levya*, 2018 WL 4178721, *2 (M.D. Fla. Aug. 31, 2018). From the Plaintiff's perspective, the injunctive relief sought by Plaintiff here is clearly worth more than the two cents necessary to bring his total claim above $75,000. *Cohen*, 204 F.3d at 1077. Plaintiff complains that Defendants – Office of Disciplinary Counsel ("ODC") and District of Columbia Board on Professional Responsibility officials – "have engaged in the equivalent of a partisan politically and ideologically based agenda and in effect a crusade to have Mr. Klayman removed from the practice of law." Compl. ¶ 8. Plaintiff contends that Defendants' actions amount to "tortious interference, abuse of process, and violations of Section IV and Section IX of the Florida constitution." Compl. at 1. Plaintiff's claims include (a) for temporary and permanent injunctive relief *and* (b) for general, special, actual and compensatory damages "in excess of $30,000 but less than $75,000."[3] Compl., Prayer for Relief, ¶¶ a–b.

Plaintiff's prior actions challenging the same D.C. Bar disciplinary proceedings against him demonstrate that he in fact seeks damages in the State Court Action "in excess of $75,000." *See Anderson v. Mosaic Fertilizer LLC*, No. 8:19-CV-1225-T-35AEP, 2019 WL 12384792, at *3 (M.D. Fla. July 31, 2019) (rejecting plaintiff's claims that the amount in controversy was not met and noting prior demands in similar case may reflect an "honest assessment of plaintiff's

---

[3] Defendants do not concede that Plaintiff is entitled to any recovery here, or that, if Plaintiff prevails, he is entitled to any given amount. Rather, Defendants maintain only that a reasonable jury, finding in Plaintiff's favor on his claims, could value Plaintiff's claims in excess of $75,000.00 at the time of removal.

damages"); *Gavronsky v. Walgreen Co.*, No. 3:09-cv-1167-J-12TEM, 2010 WL 717485, at *2–3 (M.D. Fla. Feb. 26, 2010) (denying plaintiff's motion for remand and relying in part on defendant's evidence of awards in similar cases). For example, Plaintiff filed a complaint against Defendants in the Northern District of California claiming the disciplinary proceedings were part of a "partisan politically based agenda," amounting to "tortious interference and abuse of process" and damages "in excess of $75,000." Compl. ¶ 1, 13, *Klayman v. Kaiser,* et al., C.A. No. 1:21-cv-00965-RDM (N.D. Cal.) (Ex. 2); *see also* Compl. ¶¶ 1, 10, 33, *Klayman v. Porter,* et al., C.A. No. 3:20-cv-02526-M (N.D. Tex.) (Ex. 3) (same); Compl. ¶¶ 1, 10, 30, *Klayman v. Porter,* et al., C.A. No. 1:20-cv-01014-LY (W.D. Tex.) (Ex. 4) (same); *see also* Compl. Prayer for Relief, *Klayman v. Lim,* et al., C.A. No. 1:18-cv-02209-RDM (D.D.C.) (Ex. 5) (same and seeking "no less than $75,000 and in an amount in excess of $9,500,000"); Mem. Opinion at 1, *Klayman v. Fox,* et al., C.A. No. 1:18-cv-01579-RDM (D.D.C. June 5, 2019) (Ex. 6) (citing Am. Compl. Prayer for Relief (ECF No. 1) (Ex. 7) ("[Klayman] asks that the Court enjoin the disciplinary proceedings pending against him and award at least $75,000 in damages.")).

Moreover, Plaintiff's complaint seeks damages for "bankrupting [Plaintiff] and killing his Section IV right to private and public advocacy, as well as defaming him publicly," Compl. ¶ 46, the same claim for which he sought over $75,000 when he sued Defendants in the U.S. District Court for the District of Columbia. Compl. ¶ 1, *Klayman v. Kaiser,* et al., C.A. No. 1:21-cv-00727-ABJ (D.D.C.) (Ex. 8). *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343-44 (11th Cir. 2018) (action for declaratory and injunctive relief satisfied amount in controversy even though it did not directly confer rights to a sum certain, because it related to party's "potential liability" in potential subsequent action).

"The jockeying of a case from state court, to federal court, and then back to state court is a 'drain on the resources of the state judiciary, the federal judiciary, and the parties involved; tactical manipulation by the plaintiff … cannot be condoned.'" *Estate of Olmstead v. Beverly Enterprises-Florida, Inc.*, No. 96-1941-CIV-T-17B, 1997 WL 155410, at *3 (M.D. Fla. Mar. 17, 1997) (*quoting Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)) (internal quotation marks omitted). Here, Plaintiff has done just that. Plaintiff's gamesmanship in withdrawing his original complaint – filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County – in an attempt to keep his lawsuit out of federal court weighs against remanding this case. *See Young v. Roy's Rest.*, No. 6:06CV178 ORL19JGG, 2006 WL 2024946, at *2 (M.D. Fla. July 17, 2006) (explaining that "whether a plaintiff has engaged in gamesmanship or manipulative tactics" is "[c]entral" to the "determination of whether to remand," and denying plaintiff's motion to remand where plaintiff had filed a post-removal amended complaint to remove the federal basis for jurisdiction); *cf. Greenwald v. Palm Beach Cnty.*, 796 F. Supp. 1506, 1507 (S.D. Fla. 1992) (refusing to remand where plaintiff "rolled the dice" by asserting a federal claim, thus "running the risk of removal … [T]he undersigned will not permit Greenwald to oust the court's jurisdiction by voluntarily dismissing without prejudice the sole federal cause of action in his Complaint."); *cf. Rockwell Int'l Corp. v. United States*, 549 U.S. 457, n. 6 (2007) ("But removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment.").

Plaintiff has filed seven lawsuits against the substantially same defendants on nearly identical claims. Plaintiff seeks to collaterally attack ongoing disciplinary proceedings related to Plaintiff's license to practice law in the District of Columbia, but this time amending his complaint to fall only two cents short of the jurisdictional threshold. As is clear from Plaintiff's tactics in

this case, Plaintiff is seeking to find in a Florida state court a forum that will entertain his claims against District of Columbia Bar disciplinary counsel that have already been adjudicated by the U.S. District Court for the District of Columbia and affirmed by the U.S. Court of Appeals for the D.C. Circuit. *See Klayman v. Lim*, 830 F. App'x 660, 662 (D.C. Cir. 2020), *reh'g en banc denied*, Nov. 23, 2020 (citation omitted) ("Whether or not they had good reason to pursue charges, Disciplinary Counsel's inquiry into Klayman's affairs and decision to seek disciplinary action 'was plainly within the general matters … committed to [their] discretion' under D.C. law, entitling ODC employees to absolute immunity from the damages claims."); *Klayman v. Fox*, C.A. No. 18-1579 (RDM), 2019 WL 2396538, *11 n.3 (D.D.C. June 5, 2019), *aff'd* 2020 WL 6038713 at *1; *Klayman v. Office of Disciplinary Counsel*, No. 2020 CA 000756 B, slip op. (D.C. Super. Ct. Oct. 1 2020) (dismissing abuse of process claim against ODC and D.C. Bar officials).

Plaintiff does not dispute – nor could he – that the parties are completely diverse. As demonstrated above, the amount in controversy exceeds $75,000. Accordingly, the Court should deny Plaintiff's motion to remand.

II.     **Plaintiff's motion for sanctions is procedurally deficient and unsupported.**

Plaintiff's motion for Rule 11 sanctions should be denied because it is procedurally invalid. When a party intends to file a Rule 11 motion for sanctions, the party must first serve that motion on the alleged violator and wait 21 days. Fed. R. Civ. P. 11(c)(2). During that 21-day period – the so-called "safe harbor" period – the opposing party may withdraw or correct the challenged filing. This allows a party to reconsider questionable conduct without fear that doing so will be viewed later as an admission that the pleading in question violated Rule 11. Fed. R. Civ. P. 11, advisory committee's note. Plaintiff filed his motion for sanctions without providing Defendants' counsel with a copy of the motion even one day in advance, much less the required 21 days. In

10

addition, Plaintiff included his motion for sanctions in his motion for remand, despite Rule 11(c)(2)'s clear command that "[a] motion for sanctions must be made separately from any other motion." Given Plaintiff's failure to comply with the basic provisions of Rule 11, the Court should deny the motion for sanctions without reaching the substance of Plaintiff's allegations.

Even if the Court considers Plaintiff's Rule 11 motion, the motion is without merit and should be dismissed on that ground. The standard for finding frivolity is high: the position must be "based on groundless factual allegations" and contain "no evidence to support the[] allegations." *Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014) (citation omitted). Here, Plaintiff demands sanctions solely based on Defendants' notice of removal. For the reasons explained in the notice of removal and above, the removal is based on well-established law and Plaintiff's own prior admissions as to the amount in controversy on his claims. While Plaintiff argues without support that his prior complaints against Defendants "have no bearing on this current action," and therefore Defendants "have absolutely no basis in law or fact to seek removal" (Dkt. No. 8 at 1–2), Defendants have shown that Plaintiff's assertions are an inaccurate assessment of the law. There is simply no basis for imposing sanctions against Defendants or Defendants' counsel.

_____

For all of the reasons described in detail herein, the "interests of justice" factors weigh strongly in favor of federal jurisdiction in this case, and Plaintiff's Motion to Remand should be denied.

## CONCLUSION

The Court should see through Plaintiff's charade that the "object of the litigation" in this action is not damages but merely injunctive relief – to prevent Defendants performing their official duties for the D.C. Bar Office of Disciplinary Counsel and the District of Columbia Court of

Appeals.  The parties' diversity is undisputed.  Plaintiff admits that these disciplinary proceedings are the core of this complaint and his prior filed (and in three instances, adjudicated) cases establish that Plaintiff affirmatively values his claim at amounts greater than $75,000.  For the foregoing reasons, Plaintiff's motion to remand and his request for sanctions should be denied.

Dated: March 8, 2022                                        Respectfully submitted,


/s/ Brian Rafkin
Brian Rafkin
Florida Bar No. 59422
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street NW
Washington, DC 2006
T: 202.887.4158
F: 202.887.4288
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser*