UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80270-CIV-SINGHAL

LARRY KLAYMAN,

    Plaintiff,

v.

JULIA PORTER, HAMILTON FOX, III,
MATTHEW KAISER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand and For Sanctions, filed on February 23, 2022 (the "Motion") (DE [8]). Defendants filed a Response on March 8, 2022 (the "Response") (DE [14]). Plaintiff did not file a Reply within the period of time required by the Local Rules or seek an extension. Accordingly, the Motion is ripe for this Court's consideration.

Plaintiff first argues this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is not seeking damages in excess of $74,999.99.[1] *See* Motion, at 1. In his Complaint, Plaintiff pled "[u]nder no circumstances does [Plaintiff] seek more than $75,000 in total damages and costs from this case, as this case is primarily being brought for injunctive relief." *Id.* In anticipation of Defendants' arguments, Plaintiff asserts his allegation of damages was made in good faith and not for the purpose of avoiding federal jurisdiction. *Id.* Plaintiff further states that the prior actions he brought, where he sought in excess of $75,000, have no bearing on the present action because the present

---

[1] Interestingly, here the relevant plain language of the statute is "exceeds the sum or value of $75,000," so there is no need to take the additional penny off. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011) (Judge Amul Thapar's discussion of the penny as the most neglected piece of U.S. currency.)

action is based on a different set of facts and is "primarily being brought for injunctive relief." *Id.* Plaintiff next petitions this Court to impose sanctions against Defendants. *Id.* at 2. Plaintiff argues Defendants acted in bad faith in seeking removal because they knew they lacked any basis to do so and did so for the purpose of obtaining a favorable jurisdiction. *Id.* Plaintiff cites no precedent for any of his arguments.

Defendants, in turn, respond that Plaintiff has previously brought six federal lawsuits challenging his D.C. Bar disciplinary proceedings, with damages in excess of $75,000, against substantially the same defendants alleging nearly identical claims. *See* Response, at 6–9. According to Defendants, this fact suggests that the true amount-in-controversy in this case is greater than the $74,999.99 Plaintiff alleges. *Id.* at 7–8. Defendants contend that Plaintiff has engaged in "gamesmanship" and bad faith because he filed a nearly identical action in Florida state court (which was then removed to federal court), dismissed that action, and then refiled the instant complaint that same day, amending the amount-in-controversy for the purpose of avoiding federal jurisdiction. *Id.* at 2, 8–10. Defendants note that, because Plaintiff does not dispute the complete diversity of the parties, the only remaining jurisdictional issue is the amount-in-controversy. *Id.* at 7.

Second, Defendants respond to Plaintiff's request for sanctions under Rule 11 arguing it is procedurally invalid. Defendants note that when a party intends to file a Rule 11 motion for sanctions, the party must first serve that motion on the alleged violator and wait 21 days. Fed. R. Civ. P. 11(c)(2). During the 21-day "safe harbor" period, the opposing party has the opportunity to withdraw or correct the challenged filing. Defendants contend that Plaintiff moved for sanctions without providing Defendants' counsel a copy of the motion or the benefit of the 21-day "safe harbor" period.

The Court agrees with Defendants on both issues. First, it is readily apparent to the Court that Plaintiff has engaged in bad faith and gamesmanship for the purpose of avoiding federal jurisdiction. To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citations omitted). Additionally, a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. *See id.* Further, courts may use judicial "experience and common sense in determining" the amount in controversy. *Roe v. Michelin North America, Inc.*, 613 F. 3d 1058, 1062 (11th Cir. 2010). Removal is typically unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Moreover, "[a] plaintiff should not be permitted to prevent removal by concealing the value of a claim or by making fraudulent allegations in the complaint[]. To guard against these possibilities as well as uncertainty in determining whether the amount in controversy is jurisdictionally sufficient, district courts often will consider assertions made in the defendant's notice of removal as to what actually is at stake." 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3725.1 (4th ed. 2021).

Here, Plaintiff has previously filed six very similar actions to the present one, each one seeking in excess of $75,000. Moreover, Plaintiff filed an almost identical complaint in Florida state court (which was removed to federal court), voluntarily dismissed the complaint, and then refiled the present Complaint alleging an amount-in-controversy just

below the jurisdictional threshold.[2] Therefore, applying this Court's judicial experience and common sense, it is apparent the true amount-in-controversy exceeds the jurisdictional threshold.

Second, Defendant has failed to satisfy the safe harbor provision of Rule 11. Federal Rule of Civil Procedure 11(c) provides that the court may impose an appropriate sanction on "any attorney, law firm, or party that violated the rule or is responsible for the violation" "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. . . ." Rule 11(c)(2) sets forth a detailed procedure to be followed by a party seeking sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The "safe harbor" of Rule 11(c)(2) allows the receiving party to avoid sanctions by withdrawing or correcting the offending document after being given notice of the alleged violation.  *Gwynn v. Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008) (per curiam) (considering a similar provision under Fed. R. Bankr. P. 9011(c)(1)(A)).

Here, Plaintiff has failed to comply with the safe harbor provision. First, Plaintiff did not move for sanctions in a separate motion. Second, Plaintiff did not serve the Motion on Defendants and provide them the 21-day safe harbor window to correct or amend the challenged filing. Thus, Plaintiff's motion for sanctions is without merit. Accordingly, it is hereby

---

[2] That case, once removed was assigned to Judge Marra.  A secondary effect of this manner of refiling the case is to create judicial forum shopping.  Because by separate order this Court is granting—without opposition—Defendants' Motion to Transfer (DE [3]), sending this case to Judge Marra is not necessary.

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand and For Sanctions, (DE [8]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF